IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| CLAUDIA TURNER, et al., : | |
|     Plaintiffs, : | |
| v. : | Civil Action No. |
|      : | 7:06-CV-13 (HL) |
| TIFT COUNTY, GEORGIA, et al., : | |
|     Defendants. : | |

**ORDER**

As part of the initial review process, the Court determines whether a proper jurisdictional basis exists for each case. Because federal courts have only limited jurisdiction, the Court can only proceed with the requisite jurisdiction. Save the Bay, Inc. v.United States Army, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] It is generally a plaintiff's burden to allege, with particularity, facts necessary to establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir. 2000).

A federal court's original jurisdiction can be based either on a federal question or diversity of citizenship. Federal question jurisdiction exists in "civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331 (2000). Whether a particular cause of action involves a federal question is determined by the face of a well-pleaded complaint. Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475, 118 S.Ct. 921, 925 (1998). Federal question jurisdiction only exists if a federal question is affirmatively and distinctly presented on the face of a plaintiff's

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).

complaint. Id.

The requirements for diversity of citizenship jurisdiction are set forth in 28 U.S.C. § 1332, which states that federal district courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1) (2000). In addition, "complete diversity" must exist between all parties for the court to retain jurisdiction; this means that every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). Regarding the amount in controversy requirement, "a complaint is fatally defective, as far as diversity jurisdiction is concerned, unless the complaint contains a proper allegation of the amount in controversy." Bassett v. Toyota Motor Credit Corp., 818 F. Supp. 1462, 1465 (S.D. Ala. 1993) (citing Schlesinger v. Councilman, 420 U.S. 738, 744 (1975)).

Although, there is no statutory definition of citizen, with regard to natural persons, federal courts hold that citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. McCormick v. Anderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Domicile generally requires physical presence in the state and the intent to make the state one's "'true, fixed, and permanent home and principal establishment.'" Id. (quoting Mas v. Perry, 489 F.2d 1396, 1399 (5th Cir.1974)). Further, a person may reside in one place but be domiciled in another. Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Thus, mere residency is not enough to establish citizenship for diversity jurisdiction.

A corporation is a "citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1) (2000). Although not defined by federal statue, a corporation's principal place of business has been defined by federal case law.

Principal place of business is determined by analyzing the total activity of the corporation. <u>Village Fair Shopping Center v. Sam Broadhead Trust</u>, 588 F.2d 431, 434 (5th Cir.1979). The Eleventh Circuit Court of Appeals has adopted the "total activities" test to determine a corporation's principal place of business. See <u>Vareka Investments, N.V. v. American Investment Properties, Inc.</u>, 724 F.2d 907, 910 (11th Cir.1984). "Under this test, if a corporation conducts the vast majority of its physical operations in a particular state, that state will contain its principal place of business; however, if a corporation's physical activities are negligible or are dispersed across several states, 'the nerve center, or corporate offices, will be the principal place of business.'" <u>MacGinnitie v. Hobbs Group</u>, 420 F.3d 1234, 1239 (11th Cir. 2005) (quoting <u>Toms v. Country Quality Meats, Inc.</u>, 610 F.2d 313, 315 (5th Cir.1980). Accordingly, stating only the state in which a corporation does business is not enough to establish the citizenship of a corporation.

    It is not clear from Plaintiffs' complaint what theory of federal jurisdiction, federal question or diversity of citizenship, the case is based upon. Therefore, Plaintiffs have twenty days from the entry of this order on the docket, to properly allege jurisdiction. If Plaintiffs fail to do so, the case will be dismissed for lack of jurisdiction.

    **SO ORDERED**, this the 13th day of March, 2006.

    **/s/ Hugh Lawson**
    **HUGH LAWSON, Judge**

scs