# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **CLAUDIA TURNER, et al.,** : | |
| : | |
|    **Plaintiffs,** : | |
| : | |
| **v.** : | **Civil Action No.** |
| : | **7:06-CV-13 (HL)** |
| **TIFT COUNTY, GEORGIA, et al.,** : | |
| : | |
|    **Defendants.** : | |
| : | |
| : | |

## ORDER

On March 13, 2006, the Court, as part of its standard initial review process, ordered Plaintiffs to amend their complaint in order to properly allege jurisdiction. Plaintiffs responded on March 21, 2006. Despite the Court's detailed explanation of the allegations necessary to properly plead either federal question or diversity jurisdiction, Plaintiffs' failed to identify any potential basis for jurisdiction.

Further, in accordance with <u>Haines v. Kerner</u>, 404 U.S. 519, 519-21, 92 S.Ct. 594, 594-96 (1972), the Court liberally construed Plaintiffs' pro se filings in an attempt to find any possible basis for jurisdiction; however, the Court has been unable to find any facts that would afford Plaintiffs' the opportunity to bring this claim in the federal system. In addition, because federal courts have only limited jurisdiction, the Court can only proceed with the requisite jurisdiction. <u>Save the Bay, Inc. v.United States Army</u>, 639 F.2d 1100, 1102 (5th Cir. 1981).[1] Therefore, the Court has no choice but to dismiss Plaintiffs' claim without

prejudice for lack of subject matter jurisdiction. All outstanding motions are therefore moot.

    **SO ORDERED**, this the 6th day of April, 2006.

                 **/s/ Hugh Lawson**
                 **HUGH LAWSON, Judge**

scs

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit handed down prior to September 30, 1981 are binding precedent in the Eleventh Circuit. Bonner v. City of Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981).